**FAEGRE DRINKER BIDDLE & REATH LLP**
ANDREW S. AYALA (SBN 332261)
andrew.ayala@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone:  (310) 203-4037
Facsimile:   (310) 229-1285

TYLER A. YOUNG (*Pro Hac Vice* Forthcoming)
Tyler.young@faegredrinker.com
RORY F. COLLINS (*Pro Hac Vice* Forthcoming)
rory.collins@faegredrinker.com
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone:  (612) 766-8610
Facsimile:   (612) 766-1600

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER DEFOREST, individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No. 8:25-cv-0851<br><br>[Orange County Superior Court, Case No. 30-2025-01467748-CU-NP-CXC]<br><br>**NOTICE OF REMOVAL BY DEFENDANT TARGET CORP., PURSUANT TO 28 U.S.C. § 1332(d)**<br><br>**[DIVERSITY JURISDICTION UNDER CLASS ACTION FAIRNESS ACT]**<br><br>Complaint Filed:  March 14, 2025<br>Date Removed:    April 23, 2025 |

NOTICE OF REMOVAL

1   PLEASE TAKE NOTICE that Defendant Target Corporation ("Target") hereby
2   removes the above-captioned state court action from Orange County Superior Court,
3   Case No. 30-2025-01467748-CU-NP-CXC (the "Action"), to this Court pursuant to
4   28 U.S.C. §§ 1441 and 1446. The grounds for removal are as follows:
5       1.   A defendant has a right of removal where an action is brought in a state
6   court over which the district court has original jurisdiction.
7       2.   This Court has original jurisdiction over this action pursuant to 28 U.S.C.
8   § 1332(d), and the action may be removed to this Court under 28 U.S.C. § 1441
9   because (1) the Action is brought on behalf of a putative class consisting of more than
10  100 members; (2) minimal diversity exists between the parties; and (3) the amount in
11  controversy exceeds $5,000,000.
12      3.   Venue is proper in this district because Orange County Superior Court is
13  within the Central District of California, and Target has complied with the procedural
14  requirements of 28 U.S.C. § 1446.

## BACKGROUND

16      4.   On March 24, 2025, Plaintiff served a Summons and Complaint on
17  Target. A true and correct copy of that Summons and Complaint is attached hereto as
18  Exhibit A.
19      5.   Plaintiff alleges in her Complaint that the labeling of nine Good & Gather
20  pasta sauces (the "Products")[1] is false and misleading because it represents that the
21  Products contain "no artificial colors, flavors, or preservatives" and the Products
22  allegedly contain a "synthetic form of citric acid." (Compl. ¶¶ 9-10, 29.)
23      6.   Plaintiff brings this Action on behalf of herself and two proposed classes.
24  Plaintiff defines a nationwide class to include "[a]ll persons within the United States

---

[1] The Complaint defines the Products as including the following varieties of Good & Gather pasta sauce: Mushroom pasta sauce; Traditional pasta sauce; Tomato, basil & garlic pasta sauce; Marinara; Garden combo pasta sauce; Organic roasted garlic pasta sauce; Organic tomato basil pasta sauce; Organic three cheese pasta sauce; and Organic marinera.

who purchased the Products within four years prior to the filing of the Complaint." (*Id.* ¶ 36.) Plaintiff defines a California sub-class to include "[a]ll persons within California who purchased the Products within four years prior to the filing of the Complaint." (*Id.* ¶ 37.)

7. Plaintiff asserts claims under California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* and Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* (Compl. ¶¶ 49–78.) She seeks actual damages and/or restitution, punitive damages, injunctive relief, and attorneys' fees. (*Id.* at 14 (Prayer for Relief).)

## REMOVAL IS PROPER IN THIS CASE

### I. THE COURT HAS ORIGINAL JURISDICTION PURSUANT TO CAFA, 28 U.S.C. § 1332(d).

8. Under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), federal district courts have original jurisdiction over any putative class action in which (1) there are at least 100 putative class members, (2) any putative class member is a citizen of a state different from any defendant, and (3) the aggregated claims of the members of the putative class exceed $5 million. *See Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1182 (9th Cir. 2015); 28 U.S.C. § 1332(d). Here, all three requirements are met.

**a. The putative class consists of more than 100 members.**

9. CAFA defines "class action" as "any civil action filed under rule 23 of the Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

10. Here, the Complaint is titled "Class Action Complaint" and is brought by Plaintiff on behalf of herself and "all others similarly situated." (Compl. at 1.) Plaintiff does not estimate the number of class members but alleges that the class

members are "so numerous that the individual joinder of all of their members is impracticable." (*Id.* ¶ 39.)

11. Target sold the Products to more than 100 customers in just California. (*See* Declaration of Brandon Johnson in Support of Notice of Removal ¶ 4.)

12. By a preponderance of the evidence, the putative class consists of more than 100 members.

**b. Minimal diversity exists between the parties.**

13. CAFA requires that only "minimal diversity" exist; that is, the citizenship of at least one putative class member must differ from that of at least one defendant. *See* 28 U.S.C. §§ 1332(d)(2)(A).

14. The Complaint alleges that Plaintiff is a citizen of California and a resident of Orange County. (Compl. ¶ 5.) Plaintiff both resides in California and, upon information and belief, has the intention to remain there. Plaintiff also brings this instant class action on behalf of "[a]ll persons within California who purchased the Products," (*id.* ¶ 37), further establishing her California residence. Because Plaintiff is domiciled in California, she is a citizen of California for purposes of determining diversity.

15. For purposes of diversity of citizenship, a business organized as a corporation is "deemed to be a citizen of a State by which it has been incorporated" and a citizen "of the State where it has its principal place of business." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006) (citing U.S.C. 28 § 1332(c)(1)). A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

16. Defendant Target is a corporation organized and existing under the laws of the State of Minnesota and maintains its principal place of business in

1 Minneapolis, Minnesota. Under 28 U.S.C. § 1332(c)(1), Target is a citizen of
2 Minnesota.

3     17.    CAFA's minimal diversity requirement is satisfied because Plaintiff and
4 Target are citizens of different "States." *See* 28 U.S.C. §§ 1332(d)(2)(A).

5     **c. The amount in controversy requirement is satisfied.**

6     18.    This Action meets CAFA's amount-in-controversy requirement because
7 Plaintiff's Complaint seeks relief that, in the aggregate, exceeds CAFA's $5 million
8 jurisdictional threshold.

9     19.    Under CAFA, the "claims of the individual class members must be
10 aggregated." 28 U.S.C. § 1332(d)(6). "[T]he [CAFA] statute tells the District Court
11 to determine whether it has jurisdiction by adding up the value of the claim of each
12 person who falls within the . . . proposed class and determine whether the resulting
13 sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348
14 (2013). If the Court is uncertain whether the amount in controversy exceeds $5
15 million, then "the court should err in favor of exercising jurisdiction over the case." S.
16 Rep. No. 109–14, at 42 (2005).

17     20.    A notice of removal "need include only a plausible allegation that the
18 amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*
19 *Operating Co. LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Evidence is only required
20 if "the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

21     21.    Although the Complaint does not demand a specific dollar amount in
22 damages, the preponderance of the evidence demonstrates that the matter in
23 controversy with respect to aggregated claims of the proposed class exceeds
24 $5,000,000. *See* 28 U.S.C. § 1446(c)(2)(B) (requisite amount in controversy may be
25 demonstrated by "preponderance of the evidence").

26     22.    Plaintiff seeks restitution of "all funds acquired from Plaintiff and Class
27 and Sub-Class Members" from the sale of the Products. (Compl. at 14 (Prayer for

28

Relief).) As described in the Johnson Declaration filed in support of this Notice of Removal, sales of the Products in just California during the proposed class period exceeded $6,000,000. (*See* Johnson Decl. ¶ 4.) Thus, the restitution at issue exceeds the CAFA threshold of $5,000,000.

23. Plaintiff also seeks, on behalf of herself and the proposed classes, actual damages, punitive damages, injunctive relief, and attorneys' fees (Compl. at 14 (Prayer for Relief).) Each of these amounts should be considered with respect to the amount in controversy. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract.").

24. Together, the amounts put in controversy by Plaintiff's request for class-wide restitution, punitive damages, injunctive relief, and attorneys' fees, by a preponderance of the evidence, significantly exceeds $5,000,000. *See id.* (where compensatory damages were estimated at $2.8 million, finding that addition of punitive damages, attorneys' fees, and cost of injunctive relief raised total amount in controversy above $7 million). Accordingly, CAFA's amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2).

    d.   **No CAFA exceptions apply.**

25. This action does not fall within any exclusion to removal jurisdiction under 28 U.S.C. § 1332(d) and Plaintiff has the burden of proving otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

## II.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

26. This Notice of Removal is filed with this Court within 30 days after Plaintiff served Target with the Complaint and is therefore timely under 28 U.S.C. § 1446(b)(1).

27. The United States District Court for the Central District of California is the federal judicial district encompassing the Orange County Superior Court, where Plaintiff originally filed this suit, making this the proper federal district for removal of this case to federal court.  28 U.S.C. § 1441(a).

28. Attached as <u>Exhibit B</u> is a copy of all process, pleadings, papers, or orders that have been filed in this action in the Orange County Superior Court.

29. Pursuant to 28 U.S.C. § 1446(d), Target will promptly file a copy of this Notice of Removal with the clerk of the Orange County Superior Court and will serve a copy of same upon counsel for Plaintiff.

### III. **NON-WAIVER OF DEFENSES**.

30. If any question arises as to the propriety of the removal of this action, or in the event the Court considers remand *sua sponte*, Defendant requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this action is properly removable.  *See Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 554.

31. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter, including, without limitation, the defenses of (a) lack of jurisdiction over the person; (b) improper venue; (c) insufficiency of process; (d) insufficiency of service of process; (e) improper joinder of claims and/or parties; (f) failure to state a claim; (g) failure to join an indispensable party; (h) lack of standing; or (i) any other procedural or substantive defense available under state or federal law.

32. Target reserves the right to amend or supplement this Notice of Removal.

///
///
///
///

WHEREFORE, Defendant hereby removes the above-captioned case to this Court.

Dated: April 23, 2025  **FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ Andrew S. Ayala*
ANDREW S. AYALA

Attorney for Defendant
TARGET CORPORATION